# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY JOHN BURRIOLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69568

**FILED**

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. The district court denied the petition as procedurally barred. We affirm.

Appellant filed his petition on August 4, 2015, more than 13 years after remittitur issued from his direct appeal on July 5, 2002. *Burriola v. State*, Docket No. 34844 (Order Granting Rehearing and Modifying Order, June 10, 2002). Thus, the petition was untimely filed. *See* NRS 34.726(1). The petition also constituted an abuse of the writ because appellant had previously sought postconviction relief[1] and raised a claim new and different from those previously raised. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Further, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice to the State. *See* NRS 34.800(2).

---

[1]*Burriola v. State*, Docket No. 44015 (Order of Affirmance, September 19, 2005); *Burriola v. State*, Docket No. 55364 (Order of Affirmance, May 7, 2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-12366

Appellant contended that he had good cause to excuse the procedural bars because he recently learned that he and his trial attorney had a conflict of interest that was covered up by the Nevada legal community, and because of *Riley v. McDaniel*, 786 F.3d 719, 721 (9th Cir. 2015). We agree with the district court that appellant failed to demonstrate good cause. The record belies appellant's conflict claim, the challenge to the *Kazalyn*[2] instruction could have been raised sooner based on our decision in *Nika v. State*, 124 Nev. 1272, 198 P.2d 839 (2008), and *Riley* does not provide good cause, *see Leavitt v. State*, 132 Nev., Adv. Op. 83, 386 P.3d 620, 620-21 (2016). Even assuming that appellant demonstrated good cause, he cannot demonstrate actual prejudice because he was convicted of second-degree murder, not first-degree murder. Appellant also failed to overcome the presumption of prejudice to the State for purposes of NRS 34.800. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Elissa F. Cadish, District Judge
       Anthony John Burriola
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]108 Nev. 67, 825 P.2d 578 (1992).